IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEVEN R. FISHER**                                                                                       **PLAINTIFF**
**ADC #176797**

V.                          NO. 4:22-cv-00386-LPR-ERE

**LOUIS C. SKINNER,** *et al.*                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Steven R. Fisher, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. Fisher alleges that Defendants Louis C. Skinner, Keith L. Waddle, and Emmer J. Branch violated his due process rights by convicting him of several disciplinary

charges without: (1) granting Mr. Fisher's request to review the correspondence containing the alleged threats; and (2) either reading the correspondence at issue or entering the correspondence into evidence at his disciplinary hearing. *Doc. 2 at 3*. The Court has reviewed Mr. Fisher's complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).[1] Mr. Fisher's claims should be dismissed based on his failure to state a plausible claim for relief.

A prisoner may bring a due process challenge to his disciplinary proceeding only if it resulted in punishment sufficient to create a "liberty interest." See *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a constitutionally protected liberty interest in the prison context will generally be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life"); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

In this case, Mr. Fisher was convicted of the following code violations: (1) unauthorized use of the mail or telephone; and (2) threatening to injure another person, "directly or indirectly, verbally or in writing." *Doc. 2 at 5*. As a result of his disciplinary convictions, Mr. Fisher received the following punishment: (1) his

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

commissary privileges, phone privileges, and visitation privileges were restricted for 60 days; (2) he was sentenced to 30 days in punitive isolation; and (3) his classification level was reduced. *Id.* Such punishment is not severe enough to trigger a liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and 30 days in punitive segregation is not an atypical and significant hardship under *Sandin*); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Because Mr. Fisher had no liberty interest at stake in connection with the challenged disciplinary convictions, he has failed to state a plausible claim that his procedural due process rights under the Fourteenth Amendment were violated.

### III.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Fisher's claims be DISMISSED, without prejudice.

2.     The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

3.     The Clerk be instructed to close this case.

DATED this 19th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE